STATE of Iowa, Appellee,

v.

Jerry Lee OSBORN, Appellant.

No. 88–1338.

Court of Appeals of Iowa.

Feb. 22, 1990.

Raymond E. Rogers, State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Julie A. Halligan, Asst. Atty. Gen., William E. Davis, County Atty., and Realff H. Ottesen, Asst. County Atty., for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Defendant waived his right to a jury and elected to be tried by the court. The trial court found him guilty of first-degree kidnapping, attempted murder, and first-degree robbery. He was sentenced to life in prison on the kidnapping charge and twenty-five years in prison on each of the other two charges. The judge ordered the sentences be served consecutively. On appeal, defendant contests only the kidnapping conviction and sentence. He does not contest the first-degree robbery or attempted murder convictions and sentences. We affirm.

On the night of April 16 or early morning of April 17, 1988, a young man (Ramsey) asked James Clark to take him, defendant, and Joe McFarland to Bettendorf, Iowa. Clark was in his pickup, outside of a bar in Davenport, Iowa. These three men gave Clark $5.00 and he agreed to drive them to Bettendorf as requested. The passengers directed Clark where to go and indicated for him to stop in front of a house in rural Scott County. Clark was shot in the head without warning. After the shooting, Clark was discovered at a nearby home by David Benson, one of the occupants. Clark was lying in the dining room. He was

incoherent and covered with blood. An examination later revealed Clark had one bullet wound to his head. He was hospitalized for three weeks. The bullet was not removed from his head.

Ramsey, McFarland, and defendant were discovered in St. Louis, Missouri, the next day, April 18, 1988, in Clark's pickup. They were arrested.

Cristal Jones, Ramsey's girlfriend, testified she was present when Ramsey, defendant, and McFarland were drinking and talking. They discussed they were going to find someone to give them a ride, shoot them, and take their car and money. She was with these persons when Ramsey asked Clark for a ride. All three of them got into Clark's pickup and he drove away with them.

Defendant claims in this appeal the State did not prove beyond a reasonable doubt he committed kidnapping since the victim voluntarily consented to drive him to the location where he robbed the victim, and the trial court erred in overruling his motion to dismiss on the ground the kidnapping statute, as applied in this case, is unconstitutionally vague.

Our scope of review is on error. Iowa R.App.P. 4. When a defendant is alleging error involving a constitutional right, such as here, we make an independent evaluation of the totality of the relevant circumstances to determine if such an error was made. *Rinehart v. State*, 234 N.W.2d 649, 658 (Iowa 1975); *State v. Jeffries*, 417 N.W.2d 237, 239 (Iowa App.1987).

## I.

Defendant claims the State failed to prove beyond a reasonable doubt defendant committed kidnapping when the victim consented to drive defendant to the location where defendant robbed him. On this claim defendant presents two arguments. His first is the State failed to prove a removal took place. His second argument is, assuming a removal took place, the State failed to prove defendant knew he lacked the victim's consent for removal.

We first look to Iowa Code section 710.1 which defines kidnapping. The relevant part is as follows:

A person commits kidnapping when the person either confines a person or removes a person from one place to another, knowing that the person who confines or removes the other person has neither the authority nor the consent of the other to do so; provided, that to constitute kidnapping the act must be accompanied by one or more of the following:

*  *  *  *  *  *

3. The intent to inflict serious injury upon such person, or to subject the person to a sexual abuse.

Under this section, a defendant must confine or remove a person as one element of the offense.

When Clark was first approached by defendant and the other two persons, they were outside a tavern in downtown Davenport, Iowa. When Clark was shot, they were in rural Scott County. Defendant and his group asked Clark to drive them to Bettendorf to a house where a party was taking place. This was a lie and a deception committed by defendant and the others. Clark, in effect, was removed from his parked place in front of the tavern in Davenport to the rural area of Scott County by this deception. Clark's consent to drive defendant and others was obtained by this same deception.

In the case of *State v. Coen*, 382 N.W.2d 703 (Iowa App.1985), this court reviewed, analyzed, and compared Iowa cases on kidnapping by deception. In that case, the defendant *removed* the victim for the purpose of committing sexual abuse. In affirming defendant's kidnapping charge, the *Coen* court held:

From the evidence presented at trial, the jury could reasonably conclude that Coen found Natalie Weaver in a public parking lot, incapacitated her car, gained her confidence by changing her tire, entered her car by deceiving her into believing that she was giving him a ride home, and directed her to drive into a warehouse district unlighted by streetlights near midnight.

What makes this situation distinctive is the fact that Coen did not initially confine or remove Natalie by physical force or threat, but rather by deception. Coen's deceptive ploy and the resultant transport of Natalie was not merely movement incidental to sexual abuse. Coen selected the location for perpetration of the crime which was in the immediate vicinity where he sexually abused Karen Butler after threatening her with a knife. A jury could infer he selected the ultimate destination because it was remote and without street lights. A jury could further conclude that Coen waited until they reached this remote location because he could there sexually abuse Natalie without detection. Removing Natalie from a public environment to an isolated area also increased the risk of harm to Natalie.

We recognize that in these circumstances the length of confinement and distance traversed were not extreme; however, the fact that Natalie was adroitly able to abort Coen's scheme does not change the nature of the confinement or removal. Iowa's kidnapping statute does not require confinement or removal to be substantial or forcible,.... The harm the kidnapping statute is designed to prevent is the removal of a victim from one place to another with attendant increased risks to the victim.

*Id.* at 713.

We note removal will be considered enough to constitute kidnapping, rather than merely incidental to the underlying crime, when the acts relied upon *either* substantially increase the risk of harm to the victim, or significantly lessen the risk of detection or facilitate escape. *State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981). Defendant and the others did not direct Clark to go to Bettendorf to a party as they had initially indicated to Clark. This is clearly a lie, fraud, and deception.

We hold here, Clark's consent to drive defendant and his accomplices to Bettendorf, Iowa, was obtained by fraud and deceit and, as such, is not "consent" as contemplated by the drafters of Iowa Code section 710.1. To phrase it another way, consent obtained by fraud or deceit negates the consent, or is not consent at all.

The same fraud and deception caused Clark to drive defendant and the others out into the county from downtown Davenport. By like reasoning, any voluntariness by Clark is negated or nullified by this deception.

The factfinder could justifiably find beyond a reasonable doubt Clark was removed to the place in rural Scott County where he was shot. There is sufficient evidence the acts relied upon either substantially increased the risk of harm to the victim or lessened the risk of detection or facilitated defendant's escape from the scene.

II.

■ Defendant also claims the kidnapping statute, as applied in this case, is unconstitutionally vague in violation of the fourteenth amendment to the U.S. Constitution. In support of this claim, defendant argues "because Iowa Code sections 710.1 and 710.2 (1987) do not clearly define removal by deception as kidnapping and the application of such an interpretation here violates the due process clause."

In the case of *State v. Newman*, 326 N.W.2d 788 (Iowa 1982), our supreme court rejected an argument section 710.1 is unconstitutional on its face because it is vague and overbroad. That court held the terms "removes" and "confines" provide the specificity necessary to meet constitutional standards. *Id.* at 792. The *Newman* court relied upon long-recognized principles in declaring the defendant had not carried his burden. Those principles are as follows:

The person mounting the constitutional challenge on a legislative enactment carries the heavy burden to rebut a strong presumption of constitutionality. If a statute can be made constitutionally definite by a reasonable construction, this court is under the duty to give the statute that construction.

The specificity [that] due process requires of a penal statute need not be

apparent from the face of the statute but may be ascertained by references to prior judicial decisions, similar statutes, the dictionary, or common generally accepted usage.

*Id.* (citations omitted).

A prior decision from this court indicates kidnapping may be accomplished through deception. *Coen,* 382 N.W.2d at 713. Iowa's kidnapping statute does not require confinement or removal to be substantial or forcible. *Id.*

*Webster's Third International Dictionary* (copyright 1971), at page 585, defines deception as "the act of deceiving, cheating, hoodwinking, misleading or deluding <resort to falsehood>." We determine the common generally-accepted usage of the word "deception" is to infer a person is untruthful and is lying.

In applying the principle recited in *Newman,* we determine the term "removal" is not unconstitutionally vague. Also, the term "deception," as defined by *Webster's Dictionary* and common, generally-accepted usage, is not unconstitutionally vague. We conclude the use of these two terms combined to read "removal by deception" are specific enough to meet constitutional standards. In addition, the *Coen* decision recognized kidnapping could occur through deception.

In applying the above principles and relying upon the above authorities, we hold defendant's constitutional challenge fails because he has not carried his heavy burden of rebutting the presumed constitutionality of sections 710.1 and 710.2. The term "removal by deception" provides the specificity necessary to meet constitutional standards. Defendant's argument to the contrary is without merit.

AFFIRMED.